**Opinion filed November 20, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00283-CR

_____

## VICTOR JAMES VARGAS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 13-7245**

## MEMORANDUM OPINION

The trial court convicted Victor James Vargas, Appellant, of the state jail felony offense of possession of methamphetamine. Appellant attempts to appeal that conviction. In a letter dated October 28, 2014, this court notified the parties that the Trial Court's Certification of the Defendant's Right to Appeal, which was signed by Appellant and his attorney, indicated that Appellant had waived his right of appeal in this case. *See* TEX. R. APP. P. 25.2(a)(2), (d). We requested that

Appellant respond on or before November 5, 2014, and show grounds to continue the appeal. Appellant filed a motion for extension of time to file his notice of appeal, which this court granted, but he has not filed any response related to his waiver of appeal.

A valid waiver of appeal, whether negotiated or non-negotiated, prevents a defendant from appealing without the trial court's consent. *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003). Appellant has not obtained the trial court's consent to appeal, and Appellant's waiver appears to be valid. The documents on file in this case indicate that Appellant and the State entered into a plea agreement in which Appellant waived various rights and that, upon Appellant's plea of guilty, the trial court convicted Appellant and assessed his punishment pursuant to the terms of the plea agreement. Appellant acknowledged that he signed a waiver of his right to appeal. The plea papers are signed by both Appellant and his counsel. Thus, the trial court's certification—reflecting that Appellant has waived his right of appeal—is supported by documentation and is not defective. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005). Because Appellant waived his right to appeal in this cause and because the trial court certified that Appellant has no right of appeal, we must dismiss this appeal without further action. TEX. R. APP. P. 25.2(d); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006).

Accordingly, this appeal is dismissed.

PER CURIAM

November 20, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2